O’Neall J.
The testimony might, we think, very well have warranted the jury in finding for the defendant, by closing the eastern boundary of his land from the station B to the corner C. notwithstanding it would thus have departed from the course, and materially varied the shape of the original survey. Both of these circumstances, although entitled to weight in a question of location, yet are of less certainty in arriving at a correct conclusion than marked trees. A plat, accompanied by course and distance, stations, corners, and boundaries, is only intended to inform us of the exact location of the land which the surveyor-made. in ascertaining this, we resort, 1st, to natural boundaries, such as rocks, mountains, rivers, and creeks; 2nd, to artificial marks, such as corner trees and stations; 3rd, to adjacent boundaries; 4th, course and distance; and 5th, the shape of the plat. These, in the order they are named, control and fix the location. If therefore, the corner at C. and the station at B. were established, the survey ought to have been closed by extending the line between these two points, without any regard to course and distance or the shape of the plat. But notwithstanding, we should have been better satisfied if the verdict had been for the defendant ; yet as the proof was before the jury Avho were better acquainted with the witnesses than we can be, and who might have disbelieved some on whose testimony we should rely; and as five surveyors concurred in the location contended for by the plaintiff; and as there was no misdirection on the part of the Court, we think that we ought not to interfere with the verdict.

The motion is dismissed*

Johnson J. Concurred.
Harper J. Absent.